

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNDERSEA BREATHING SYSTEMS,
INC., a Nevada corporation

    Plaintiff,

v.

RON MULLER and NITROX
TECHNOLOGIES, INC., a corporation,

    Defendants.

Civil Action No. 98-2518-CIV-T-24A

## ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS, WITH INJUNCTIVE RELIEF SOUGHT, BY DEFENDANT NITROX TECHNOLOGIES, INC. TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Nitrox Technologies, Inc. ("Defendant NTI") hereby answer the Complaint by Plaintiff Undersea Breathing Systems, Inc. ("Plaintiff UBS") as follows, the numbered paragraphs of this Answer corresponding to the numbered paragraphs of the Complaint.

1. Defendant NTI is without knowledge of the allegations of paragraph 1 and therefore deny the same.

2. Defendant NTI admits that Defendant NTI is a corporation with offices in California who conduct business in Florida in this judicial district and division, and, for

purposes of jurisdiction only, admits that Defendant Ron Muller is an individual residing in the Middle District of Florida, but otherwise denies the remaining allegations of this paragraph of the Complaint.

    3.    Admitted.

    4.    Denied.

    5.    Admitted.

    6.    Defendant NTI admits that a copy of U.S. Patent 5,846,291 (the "'291 patent") issued on December 8, 1998, was attached to the Complaint, but denies that said patent was duly issued and has no knowledge of the present ownership of said patent and therefore deny the remaining allegations of paragraph 6 of the Complaint.

    7.    Defendant NTI admits that Plaintiff has not granted to it any license but denies the remaining allegations of paragraph 7 of the Complaint.

    8.    Denied.

    9.    Denied.

## **AFFIRMATIVE DEFENSES**

    10.    Defendant NTI's apparatus and activities do not infringe Plaintiff's '291 patent.

    11.    The '291 patent was not duly and legally issued.

    12.    The '291 patent is invalid and/or unenforceable due to breach by applicant and Plaintiff of their duties under 37 C.F.R. § 1.56(a) to disclose to the Patent and Trademark Office in the course of examination of the applications leading to this patent

and to a parent patent, U.S. 5,611,845, prior art known to applicant and Plaintiff as alleged assignee to be material to the patentability of the invention claimed in the '291 patent, said information including, without limitation, apparatus known and operated by founders and principal shareholders of Plaintiff and in operation prior to 1994.

13. The '291 patent is invalid, unenforceable, or void for failure to comply with the statutory requirements of 35 U.S.C. §§ 102, 103 and 112, among others, and the specific grounds of invalidity and noninfringement, which are not presently fully known to Defendant NTI, but will be disclosed by amendment or otherwise when more fully known, in accordance with 35 U.S.C. § 282, include, on information and belief, that following, *inter alia:*

(a) The invention as set forth in the claims of the '291 patent was known and used by others in this country many years before the invention thereof by the inventor named in the patent, and said invention was both described in a printed publication in this country and in public use and on sale in this country more than one year prior to the date of the application upon which the '291 patent is based.

(b) The inventor listed on the '291 patent did not himself invent the subject matter sought to be patented therein.

(c) Before the applicant's alleged invention of the subject matter claimed in the '291 patent, the invention was made in this country by another person or persons who had not abandoned, suppressed, or concealed that invention.

(d) The differences between the subject matter of the claims of the patent in suit and the prior art are such that the subject matter as a whole would have been

obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains, and the claims of the '291 patent are unpatentable under 35 U.S.C. § 103.

(e) Plaintiff has failed to include in the patent in suit a written description of the invention sufficient to enable a person skilled in the art to which it pertains to make and use the claimed invention, and has failed to disclose the best mode contemplated by the inventor of carrying out his invention, in violation of 35 U.S.C. § 112.

(f) The claims forming a part of the patent in suit are indefinite and fail to particularly point out and distinctly claim the subject matter of the invention, in violation of 35 U.S.C. § 112.

14. Plaintiff has so misused the patent in suit as to render the patent unenforceable and to render this case exceptional within the meaning of 35 U.S.C. § 285, through a course of action including, without limitation:

(a) knowingly withholding from the United States Patent and Trademark Office during the examination of the application leading to the '291 patent information known to Plaintiff regarding apparatus in public use more than one year prior to the filing date of said application, which apparatus was material to the examination of said patent application; and

(b) bringing this and a previous civil action without performing an investigation that would have shown the absence of infringement by Defendant NTI the '291 patent and of a parent patent to the '291 patent.

## FIRST COUNTERCLAIM FOR DECLARATION OF NONINFRINGEMENT AND INVALIDITY

Defendant/Counterclaimant NTI alleges for its counterclaim as follows:

15. Upon information and belief Plaintiff/Counterdefendant is a Nevada corporation having its principal offices in the State of Florida.

16. Defendant/Counterclaimant NTI is a corporation of the State of California having its principal place of business in Santa Rosa, California.

17. This Court has jurisdiction of these counterclaims pursuant to 28 U.S.C. §§ 1338, and 2201, in that the counterclaim for declaratory relief asserts a substantial federal claim for a patent controversy under the Patent Statutes, 35 United States Code, and pursuant to the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, in that the counterclaim relates to the same case or controversy and is joined with and in response to Plaintiff's Complaint.

18. Venue is proper in the Middle District of Florida pursuant 28 U.S.C. § 1391(b) where, upon information and belief, Plaintiff/Counterdefendant UBS does business, and where Plaintiff/Counterdefendant UBS has brought this civil action.

19. Defendant NTI incorporates by reference the allegations set forth in paragraphs 1-14 as if fully set forth herein.

20. Upon information and belief other parties known to Plaintiff/Counterdefendant UBS have used, since at least as early as 1993, apparatus for generating oxygen enriched air incorporating the structure recited in the asserted apparatus claims of Plaintiff's '291 patent.

21. Upon information and belief parties known to Plaintiff/Counterdefendant UBS have, since at least as early as 1993, used apparatus for generating oxygen enriched air in the manner recited in the method claims of Plaintiff's '291 patent.

22. Upon information and belief the patentee and assignor to Plaintiff/Counterdefendant of the '291 patent was aware from prior to the date of filing of the application leading to said '291 patent that said assignor did not himself invent the subject matter sought to be patented.

23. Plaintiff has repeatedly instituted infringement suits, including the present suit, in bad faith with information available to Plaintiff/Counterdefendant establishing that the Defendant NTI in said litigation do not infringe, thereby constituting patent misuse.

24. For the reasons set forth above the '291 patent of Plaintiff/Counterdefendant UBS is invalid, unenforceable, or both.

25. As a result of Plaintiff's wrongful institution of this lawsuit with its wrongful assertion of claims of willful and intentional infringement, Defendant NTI has ceased shipping any further units of its accused apparatus and has suspended promotion of the accused damages, thus causing damage to Defendant/Counterclaimant NTI and to Defendant/Counterclaimant NTI's business.

## SECOND COUNTERCLAIM FOR MALICIOUS PROSECUTION

26. Defendant/Counterclaimant NTI incorporates the allegations set forth by paragraphs 1-18 and 20-25 above as if fully set forth herein.

27. This Court has pendent jurisdiction over the following state law claim, which was derived from a common nucleus of operative fact with the claim set forth above.

28. Plaintiff/Counterdefendant commenced and continued to prosecute to conclusion a Civil Action No. 97 C2014, styled *Undersea Breathing Systems, Inc. v. Nitrox Technologies, Inc.*, in the United States District Court for the Northern District of Illinois (the "Illinois litigation"), upon which action Plaintiff/Counterdefendant has based its Motion for Preliminary Injunction in the present action.

29. At the time said Illinois litigation was commenced, Plaintiff/Counterdefendant conducted no investigation to determine if there was a good faith basis for assertion of patent infringement in that action, and that Court found that there was no such basis.

30. The Illinois litigation was commenced and the prosecution continued without cause for prosecution of such proceeding.

31. On information and belief Plaintiff/Counterdefendant initiated and continued prosecuting such Illinois litigation maliciously and for the purpose of causing Defendant/Counterclaimant NTI harm and suffering, and with willful and wanton disregard for the rights of Defendant NTI.

32. As a result of said Illinois litigation Defendant/Counterclaimant NTI has suffered damages.

WHEREFORE, Defendant NTI respectfully demands and prays that:

A) This Court dismiss the Complaint with prejudice and that Plaintiff take nothing thereby;

B) This Court enter an order declaring that the accused apparatus of Defendant NTI does infringe any of the claims of Plaintiff's '291 patent;

C) This Court enter an order declaring that Plaintiff's '291 patent is unenforceable for inequitable conduct by Plaintiff and its employees and agents before the United States Patent and Trademark Office;

D) This Court enter an order declaring that Plaintiff's '291 patent is unenforceable for patent misuse by Plaintiff and its employees and agents;

E) This Court enter an order declaring that the '291 patent is invalid under either 35 U.S.C. § 102, or 35 U.S.C. § 103, and/or 35 U.S.C. § 112;

F) This Court enjoin Plaintiff from asserting the '291 patent, or any divisional or continuation patent related to the '291 patent, against Defendant NTI, its customers or any parties acting in concert therewith;

G) This Court award Defendant NTI actual, exemplary and punitive damages, including interest, suffered as a result of the malicious prosecution of Civil Action 97 C2014 in the United States District Court for the Northern District of Illinois;

H)   This Court find that this case is exceptional within the meaning of 35 U.S.C. § 285 and award Defendant NTI its reasonable attorney fees;

I)   This Court award Defendant NTI its costs in this action; and

J)   This Court award Defendant NTI such other and further relief as the Court may deem just and proper under the circumstances.

*C. Douglas McDonald Jr.*
C. Douglas McDonald, Jr.
Florida Bar Number 296538
Andrew C. Greenberg
Florida Bar Number 996726
CARLTON, FIELDS, WARD, EMMANUEL,
 SMITH & CUTLER, P.A.
One Harbour Place
Post Office Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

Trial Counsel for Defendant Nitrox Technologies, Inc.

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. Mail to Herbert L. Allen, Esq., Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., P. O. Box 3791, Orlando, FL 32802, this 21st day of January, 1999.

*C. Douglas McDonald Jr.*
Attorney