FILED

00 FEB 16 PM 1: 17

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNDERSEA BREATHING SYSTEMS, INC.**
**a Nevada corporation,**

    Plaintiff,

vs.                                                        **Case No: 8:98-cv-2518-T-24A**

**NITROX TECHNOLOGIES, INC.,**
**a corporation,**

    Defendant.

_____

**NITROX TECHNOLOGIES, INC.,**

    Plaintiff,

vs.                                                        **Case No: 8:99-cv-317-T-24A**

**UNDERSEA BREATHING SYSTEMS, INC.,**
**a corporation, and**
**WILLIAM H. DELP, II,**

    Defendants.

_____/

## ORDER

Before the court are Undersea Breathing Systems, Inc.'s Motion for Partial Summary Judgment (Dkt. 74, filed November 22, 1999) and Nitrox Technologies, Inc.'s Motion for Partial Summary Judgment (Dkt. 96, filed January 19, 2000).

I.     BACKGROUND

This case consists of two lawsuits which have been consolidated. In Case 98-2518, Undersea Breathing Systems, Inc. ("Undersea") filed suit against Nitrox Technologies, Inc. ("Nitrox") for infringement of United States Patents 5,846,291 (Patent 291); 5,858,064 (Patent 064); and,



5,865,877 (Patent 877). Dkt. 70. Nitrox filed counterclaims against Undersea for a declaration of

noninfringement and invalidity of Patents 291, 064, and 877, and filed counterclaims against

Undersea and William H. Delp, II ("Delp"), the president of Undersea, for malicious prosecution and

abuse of process, unfair competition, and false representations. Dkt. 94. In Case 99-317, Nitrox

filed suit against Undersea for a declaration of noninfringement and invalidity or unenforceability

of Patents 064 and 877, and against Undersea and Delp for unfair competition and false

representation. Case 99-317, Dkt. 1.

Undersea moves for summary judgment on its infringement claim as to Patent 877, and on

Nitrox's malicious prosecution claim against it. Dkt. 74. Nitrox moves for summary judgment on

its claims of noninfringement and unenforceability of Patents 291 and 064, and its claim of unfair

competition. Dkt. 96.

II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials

on file that there are no genuine issues of material fact that should be decided at trial. Celotex Corp.

v. Catrett, 477 U.S. 317 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). When

the party moving for the summary judgment does not bear the burden of persuasion on the issue at

trial, the moving party discharges its burden on a motion for summary judgment by "showing" or

"pointing out" to the Court that there is an absence of evidence to support the non-moving party's

case. Celotex, 477 U.S. at 325. Rule 56 permits the moving party to discharge its burden with or

without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. Id. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," and designate specific facts showing that there is a genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989); Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron and Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." Id. at 251-52.

III.    DISCUSSION

      A.    Undersea's Motion for Summary Judgment

            1.    Patent 877

Undersea moves for summary judgment on its claim that Nitrox is infringing on Patent 877.

Dkt. 74. In dispute is the construction of Claim 17, which reads, in relevant part, as follows:

> A subassembly package for use in generating enhanced oxygen air, particularly, for underwater use by divers as a life support system
> (a)    A pressure regulator for reducing **with cooling** a pressurized feed air to a lower predetermined value
> (b)    A heat exchanger for **modifying** the cooled reduced pressure feed air to a predetermined temperature . . .

Dkt. 74 at 5 (emphasis added). Specifically, the parties dispute whether Claim 17 means heating

the air, or both heating and cooling the air. Undersea asserts that the proper construction is that there

is no affirmative cooling taking place but only that cooling which inherently occurs when air

pressure is reduced, and that "modifying" means heating exclusively. Therefore, Undersea contends,

Claim 17 should be read to require only heating, and not heating and cooling. Nitrox contends that

Claim 17 should be read to mean both heating and cooling of air, because the language "with

cooling" should be read to mean affirmative cooling and not just the cooling which inherently occurs

when air pressure is reduced. The parties dispute the relevant prosecution history that this court

should consider.

Construction of patent claims, including terms of art, is reserved for the courts. See

Markman v. Westview Instruments, Inc., 52 F.3d 967, 988 (Fed. Cir. 1995), affirmed by, 517 U.S.

370 (1996). The main source a court reviews in construing claim language is intrinsic evidence which consists of the claim itself, the specification, and the prosecution history. Id. at 979. In its discretion, the court may also consider extrinsic evidence, including inventor testimony, expert testimony, dictionaries and treatises in order to aid its understanding of the terms in the claim. Id. at 980.

This court has insufficient information available to it at this time to make a legal determination as to the proper construction of the claim at issue. The parties did not ask this court to interpret Claim 17 or any claim at an earlier time, and they do not ask the court to hold a pretrial hearing pursuant Markman v. Westview Instruments Inc., 517 U.S. 370 (1996), in order to provide the proper construction. The court finds that it would be expedient to provide the proper construction of the disputed claim at a later time. See, e.g., Texas Instruments v. United States Intl. Trade Comm'n, 871 F.2d 1054, 1065 (Fed. Cir. 1989) (interpreting the disputed claims shortly prior to the close of trial). Accordingly, as this court is unable to render a construction of Claim 17 at present, Undersea has failed to show that it is entitled to summary judgment on its claim of infringement of Patent 877.

2.    Malicious Prosecution

Nitrox's malicious prosecution claim is based upon a suit filed in the District Court for the Northern District of Illinois (hereinafter the "Illinois Court" and "the Illinois action"). Undersea asserts that this court should apply Illinois law in determining whether it is entitled to summary judgment on this claim. Nitrox provides no authority to challenge Undersea's assertion that Illinois law should be applied. For the reasons stated by Undersea, this court will apply Illinois law in deciding this issue. See Judge v. American Motors Corp., 908 F.2d 1565, 1568 (11th Cir. 1990)

(holding that a federal court must follow the choice of law rules of the state in which it is sitting, and that Florida choice of law rules require applying the law of the state which has the most significant relationship to a particular issue); R.J.R. Services, Inc. v. Aetna Casualty & Surety Ins. Co., 895 F.2d 279, 282 n4 (7th Cir. 1989) (in a malicious prosecution suit, finding that it should apply the law of the state where the predicate lawsuit was filed and litigated because that state had the most significant relationship to the occurrence and parties).

Under Illinois law, in order to establish a claim for malicious prosecution, the plaintiff must satisfy three requirements. See Cult Awareness Network v. Church of Scientology Int'l, 685 N.E.2d 1347, 1350 (Ill. 1997), cert. denied, 523 U.S. 1020 (1998). First, "[t]he plaintiff must show that the defendant brought the underlying suit maliciously and without probable cause." Id. Second, "the plaintiff must establish that the former action was terminated in his or her favor." Id. "Finally, the plaintiff must plead and prove some 'special injury' or special damage beyond the usual expense, time or annoyance in defending a lawsuit." Id.

As to the first element, Undersea contends that Nitrox cannot show that Undersea brought the Illinois action maliciously and without probable cause. Undersea makes a *res judicata* or collateral estoppel argument, arguing that the Illinois Court has already determined that the prosecution was not brought without probable cause when it decided certain issues before it. Nitrox contends that the decision of the Illinois Court is not relevant, because Nitrox's burden in the Illinois case was heavier than its burden for establishing lack of probable cause for malicious prosecution in the present case and the issue before the Illinois Court was not identical to the issue of probable cause for malicious prosecution. This court finds that there is a genuine issue of material fact with respect to whether Undersea brought the Illinois action maliciously and without probable cause.

6

Second, Undersea contends that Nitrox cannot establish that the Illinois action was terminated in Nitrox's favor. A "favorable termination is limited to only those legal dispositions that can give rise to an inference of lack of probable cause." Cult Awareness Network, 685 N.E.2d at 1353. "[W]hether or not the requirement is met is to be determined . . . by the circumstances under which that disposition is obtained." Id. at 1352-53. Undersea argues that the Illinois action was not terminated in Nitrox's favor because Nitrox failed on its invalidity counterclaim. Undersea asserts that this proposition is further demonstrated by the fact that the Illinois Court did not find Nitrox to be a prevailing party for purposes of awarding attorney's fees. Nitrox contends that the Illinois action was terminated in its favor because the court found that Nitrox did not infringe on Undersea's patent. According to Nitrox, the invalidity counterclaim is irrelevant because the Illinois Court's finding on that counterclaim was unrelated to the issue of infringement, which is the claim alleged to have been maliciously brought. Furthermore, Nitrox contends that the Illinois Court made no express finding on the issue of whether there was a prevailing party. This court finds that a genuine issue of material fact exists as to the second element of Nitrox's malicious prosecution claim.

Finally, Undersea asserts that Nitrox is unable to show any special injury as is required to sustain a malicious prosecution claim in Illinois. Nitrox asserts that it suffered a special injury as a result of the litigation because consumers refrained from conducting business with Nitrox due to the fact that it was being sued by Undersea for patent infringement. The court agrees that this injury, if established, would support a finding of special injury. See, e.g., Cult Awareness Network, 685 N.E.2d at 1354 (noting that the special injury requirement is satisfied where the suit itself is unusual in its effect on the defendant). There is a genuine dispute of material fact as to whether Nitrox suffered any special injury, and Undersea has failed to show that it is entitled to summary judgment

7

on its malicious prosecution claim.

      B.     Nitrox's Motion for Summary Judgment

            1.      Noninfringement of Patents 064 and 291

Nitrox moves for summary judgment on its claims of noninfringement with respect to Patents 064 and 291. Nitrox argues that Undersea is unable to show that subsequent to the issuance of Patent 291, Nitrox made, used, sold, offered for sale or imported apparatus which included any high pressure gas stream or the capability for using a high pressure gas stream without modification of the equipment. Undersea disputes this assertion, contending that Nitrox did offer for sale products with a high pressure air supply. Nitrox contends that it is entitled to summary judgment on its noninfringement claim with respect to Patent 064 because its apparatus does not require withdrawing an oxygen-enriched air stream from the membrane at a pressure equal to or greater than 0.5 psig. Undersea contends that Nitrox's apparatus exerts a pressure within the 0.5 to 5 psig range. The court finds that there is a genuine issue of material fact on Nitrox's claims of noninfringement with respect to Patents 064 and 291 and therefore, Nitrox is not entitled to summary judgment on those claims.

            2.      Unenforceability of Patents 291 and 064

Nitrox contends that it is entitled to summary judgment on its claims of unenforceability of Patents 291 and 064 because in applying for those patents, Undersea failed to disclose to the United States Patent and Trademark Office ("PTO") information about an off-the-shelf unit that Delp experimented with and modified. Undersea argues that it did provide information about the off-the-shelf unit to the PTO, and that the unit as modified was not a nitrox generating unit but was intended to be used to produce nitrogen. Furthermore, Undersea contends that it was not required to inform the PTO of the modifications because they occurred within one year of the patent application. The

court finds that there is a genuine issue of fact as to whether Patents 291 and 064 are unenforceable, and Nitrox has failed to show that it is entitled to summary judgment on those claims.

### 3.    Unfair Competition

Nitrox contends that Undersea violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(b), by engaging in unfair competition through the use of false advertising.  In order to establish a prima facie case for false advertising under the Lanham Act, a plaintiff must show: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) that the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) that the deception is material, in that it is likely to influence the purchasing decision; (4) that the defendant caused its false statement to enter interstate commerce; and (5) that the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.  See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir.1997) (citations omitted) (footnote omitted).

Nitrox contends that Undersea engaged in false advertising by placing on its Internet Webpage certain statements about Undersea's lawsuits against Nitrox.  Nitrox asserts that the statements are false, and that they are material because they would cause consumers to choose not to do business with Nitrox.  Nitrox further asserts that as a result of these statements, Nitrox has been unable to sell its products in the United States.  Undersea disputes that the statements constitute advertising, and that they were false and misleading.  Furthermore, Undersea contends that Nitrox cannot show that any consumers viewed the statements on the Webpage.  The court finds that there is a genuine issue of material fact as to whether Undersea's statements violated the Lanham Act, and

Nitrox's motion for summary judgment on that claim is denied.

IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** that:

1)   Undersea's Motion for Partial Summary Judgment (Dkt. 74) is **DENIED;**

2)   Nitrox's Motion for Partial Summary Judgment (Dkt. 96) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida this _16_ day of February, 2000.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

10